IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIAM CHRISTOPHER SHANNON, ) ) ) | |
| Petitioner, ) ) | |
| v.  ) ) | Case No. 4:18-cv-02097-AGF |
| JEFF NORMAN, ) ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the pro se petition of Missouri state prisoner William Christopher Shannon for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On November 9, 2015, Petitioner pled guilty to two counts of second-degree assault and was thereafter sentenced to concurrent terms of seven years' imprisonment on each count. For federal habeas relief, Petitioner claims that his plea counsel was constitutionally ineffective for (1) guaranteeing that Petitioner would receive long-term treatment if he entered an open guilty plea; and (2) failing to investigate and call Petitioner's father at Petitioner's sentencing hearing to present mitigating evidence. For the reasons set forth below, federal habeas relief will be denied.

## BACKGROUND

The charges against Petitioner arose out of his attempt to run his ex-girlfriend and another man off the road by swerving his vehicle into theirs. The trial court held a change-of-plea hearing on November 9, 2015 at which Petitioner was present and

represented by counsel. At the hearing, Petitioner stated under oath that he understood the charge and that his appointed counsel had explained to him the elements of the offense. He stated that he had sufficient time to discuss the charge with counsel, that counsel had answered all of his questions, and that he was satisfied with counsel's services. Petitioner told the court that he understood that he was pleading guilty to two Class C felonies, each of which was punishable by up to seven years' imprisonment. Petitioner further stated that he understood that he was entering an open plea with no recommendation or agreement by the State and that, as such, he would be exposed to the full range of punishment of up to fourteen years' imprisonment. Resp. Ex. A. at 2-7.

Petitioner next stated that he understood that "there [was] no guarantee that [he was] going to receive any probation or type of program." *Id.* at 5:22-25. Petitioner further stated that his attorney had not promised him anything to get him to plead guilty. *Id.* at 9:16-22. Then, Petitioner admitted to the facts underlying the charges and entered his plea of guilty to both charges.

The court accepted Petitioner's guilty plea, finding that there was a factual basis for the charges against Petitioner and that Petitioner's guilty plea was voluntarily and intelligently made with a full understanding of the charge and consequences of pleading guilty.

The court held a sentencing hearing on January 25, 2016, at which Petitioner again appeared in person and with counsel. At the sentencing hearing, the State recommended a sentence of fourteen years' imprisonment, based on Petitioner's lengthy criminal

2

history and the violent nature of the current crimes.  The State also presented a victim impact statement.

Petitioner did not call any witnesses at the sentencing hearing, but Petitioner's counsel requested a suspended sentence and a term of probation for five years.   Counsel highlighted the mitigating factors reflected in a Sentencing Assessment Report (SAR) prepared by the Missouri Board of Probation and Parole, which described Petitioner's abusive childhood, including physical, sexual, and emotional abuse, by his stepfather and by his mother; Petitioner's long-term physical and psychiatric problems; and Petitioner's potential employment opportunities while on probation, including employment opportunities at his father's automotive shop.  Alternatively, counsel argued that, in light of Petitioner's significant history of substance abuse, Petitioner be considered for institutional treatment or a long-term substance abuse treatment program.  Resp. Ex. B.

Based on the violent nature of the crimes, the court sentenced Petitioner to seven years' imprisonment on each count.  However, in light of the mitigating factors highlighted by Petitioner's counsel, the court ordered that the sentences run concurrently rather than consecutively, such that Petitioner would be imprisoned for seven years instead of fourteen.  *Id*.

At the conclusion of the sentencing hearing, Petitioner stated that he was fully satisfied with his attorney's representation; that his attorney discussed with him and investigated all possible defenses and witnesses; that his attorney did everything Petitioner asked him to do; and that there was nothing his attorney did that Petitioner believed was improper or about which Petitioner had any complaint.  *Id.* at 16.

3

**State Post-Conviction Proceedings**

Petitioner sought state post-conviction relief raising the same claims raised in this habeas petition, in addition to other claims not raised here. Post-conviction relief was denied by the motion court following an evidentiary hearing held on March 13, 2017.

Petitioner testified at the evidentiary hearing that, before pleading guilty, he understood that his sentence would be decided by the judge. Petitioner further testified that plea counsel made no promises regarding either probation or treatment, but that counsel did "guarantee" long-term treatment, and that was the reason Petitioner agreed to an open plea. Resp. Ex. C at 66-67. Petitioner next testified that he asked counsel to contact Petitioner's father regarding potential mitigating factors, but he did not specifically ask that his father be called as a witness.

Plea counsel testified at the evidentiary hearing that he tried to negotiate long-term treatment for Petitioner with the State and that he argued for it at sentencing. But counsel testified that he never promised or guaranteed that Petitioner would receive long-term treatment or probation, and that counsel instead informed Petitioner that the court would have sole discretion to decide Petitioner's sentence. Plea counsel further testified that he did not call Petitioner's father to testify at the sentencing hearing because Petitioner had not asked him to call the father as a witness and because counsel did not believe the father would offer any helpful information that was not already in the SAR.

Petitioner's father also testified at the evidentiary hearing. He testified that Petitioner's counsel left him a voicemail during the course of Petitioner's criminal case but that when the father tried to return counsel's call, the father could not reach counsel.

4

Petitioner's father further testified that, had counsel spoken to him, he would have told counsel that Petitioner had several physical and mental health problems and that Petitioner suffered abuse at the hands of his mother and stepfather.

The motion court rejected Petitioner's claims that he received ineffective assistance of plea counsel. By decision dated April 14, 2017, the motion court found that the plea file and the testimony at the evidentiary hearing clearly refuted Petitioner's claims. Specifically, the motion court found that the plea file and counsel's credible testimony reflected Petitioner's understanding that there was no guarantee or assurance that Petitioner would be considered for probation or any program and that Petitioner had not been promised anything in order to plead guilty. With respect to Petitioner's father's testimony, the motion court found that the SAR reflected the same mitigating factors that Petitioner's father testified about, such that nothing the father said would have changed the outcome at sentencing. Resp. Ex. D at 50-55.

On October 23, 2018, the Missouri Court of Appeals affirmed the motion court's decision. In his petition for a writ of habeas corpus, Petitioner raises the two grounds set forth above. Respondent contends that federal habeas relief must be denied with respect to Petitioner's claims because the state courts' adjudication of these claims was legally and factually reasonable.

## **DISCUSSION**

Where a claim has been adjudicated on the merits in state court, the Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that application for a writ of habeas corpus cannot be granted unless the state court's adjudication:

5

1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

> "[C]learly established Federal law" for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of [the Supreme Court's] decisions. And an 'unreasonable application of' those holdings must be objectively unreasonable, not merely wrong; even clear error will not suffice. To satisfy this high bar, a habeas petitioner is required to show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

*Woods v. Donald*, 135 S. Ct. 1372, 1376 (2015) (citations omitted).

**Assistance of Plea Counsel**

The Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). In the context of a guilty plea, a defendant who pleaded guilty upon the advice of counsel may challenge the voluntariness of that plea through a claim of ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985) (applying *Strickland* to the guilty plea context).

To show ineffective assistance of counsel, a habeas petitioner must show both that "[his] counsel's performance was deficient" and that "the deficient performance prejudiced [his] defense." *Strickland*, 466 U.S. at 687; *see also Paulson v. Newton Corr. Facility*, 773 F.3d 901, 904 (8th Cir. 2014). Deficient performance means "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the

6

defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. To establish prejudice in the context of a guilty plea, a habeas petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59.

"Courts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies." *Id.*, at 1045 (citing *Lee v. United States*, 137 S. Ct. 1958, 1967 (2017)). "Instead, judges should look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Id.* In particular, a "defendant's representations during the plea-taking carry a strong presumption of verity and pose a formidable barrier in any subsequent collateral proceedings." *Adams v. United States*, 869 F.3d 633, 635 (8th Cir. 2017) (citation omitted).

When, as here, an ineffective assistance claim has been addressed by the state court, this Court must bear in mind that "[t]aken together, AEDPA and *Strickland* establish a 'doubly deferential standard' of review." *See Williams v. Roper*, 695 F.3d 825, 831 (8th Cir. 2012) (citation omitted). It is not sufficient for a petitioner to "show that he would have satisfied *Strickland*'s test if his claim were being analyzed in the first instance." *Bell v. Cone*, 535 U.S. 685, 698-99 (2002). "Rather, he must show that the [state court] applied *Strickland* to the facts of his case in an objectively unreasonable manner." *Id.* at 699.

Here, the state courts' determination that Petitioner failed to show ineffective assistance of plea counsel is fully supported by the record and does not contravene or

7

unreasonably apply clearly established Supreme Court precedent.  With respect to the first claim, Petitioner has failed to rebut the state court's credibility determination that plea counsel never promised or guaranteed that Petitioner would receive long-term treatment if entered an open plea.  *See Grass v. Reitz*, 749 F.3d 738, 743 (8th Cir. 2014) (holding that a state court's credibility findings are owed the same deference as its factual findings, meaning that they "shall be presumed to be correct, 28 U.S.C. § 2254(e)(1), and [the petitioner] has the burden of rebutting this presumption of correctness by clear and convincing evidence") (citations omitted).  This determination is also fully supported by Petitioner's own representations during the plea colloquy and sentencing hearing, and it is dispositive of Petitioner's first claim.

     As to the second claim, the state courts reasonably determined that counsel's failure to call Petitioner's father as a witness was reasonable and that Petitioner had not demonstrated prejudice.  Initially, the Court notes that at the evidentiary hearing, Petitioner testified that he did not specifically request that his father be called as a witness.  Further, as the state courts held, Petitioner's father's testimony at the evidentiary hearing regarding mitigating factors was duplicative of the information contained in the SAR, was not disputed and was presented by counsel at the sentencing hearing.  Indeed, counsel's advocacy regarding these mitigating factors resulted in Petitioner receiving a lesser sentence than the one recommended by the State.  Moreover, Petitioner's representations during the sentencing hearing that he was satisfied with his attorney and that his attorney had done everything Petitioner asked plainly refute Petitioner's current claim.

For these reasons, the Court will deny Petitioner's claims.

## **CONCLUSION**

The Court concludes that Petitioner is not entitled to federal habeas relief. Furthermore, the Court does not believe that reasonable jurists might find the Court's assessment of the procedural or substantive issues presented in this case debatable or wrong, for purposes of issuing a Certificate of Appealability under 28 U.S.C. § 2254(d)(2).  *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (standard for issuing a Certificate of Appealability) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Accordingly,

**IT IS HEREBY ORDERED** that the petition of William Christopher Shannon for a writ of habeas corpus is **DENIED**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability shall not be issued in this case.

A separate Judgment shall accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 1st day of February, 2022.